UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

D'ANDRE DAWSON,

          Plaintiff,

v.                                                    Case No. 21-cv-378-pp

KATHLEEN R. KALASHIAN, BRIAN HAYES,
OFFICER HAUSER, and ANDREW JANONSKI,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

D'Andre Dawson, who is confined at the Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 31, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $66.09. Dkt. No. 5. The court received that fee on April 26, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that on May 13, 2019, the Milwaukee Police Department raided his residence, occupied by several people because of a barbecue. Dkt. No. 1 at 2. He says the officers found a firearm inside on the dining room table and a firearm and some drugs in the detached garage. Id. The plaintiff states that he was not charged with anything, but that on August 20, 2019, defendant Administrative Law Judge Kathleen R. Kalashian revoked him based on defendant Police Officer Hauser's report. Id. According to the plaintiff, Judge Kalashian admitted Officer Hauser's report even thought he did not show up, so the plaintiff did not get the chance to face his accuser. Id. at 2-3.

The plaintiff alleges that he appealed the revocation decision. Id. at 3. Defendant Administrator Brian Hayes reduced the plaintiff's time from about five and a half years to three and a half years. Id. The plaintiff says that he appealed Administrator Hayes's decision and filed for a writ of *certiorari*. Id. He states that Circuit Court Judge Kevin Martens remanded the case to determine whether the firearm recovered in the residence warranted revoking the plaintiff's extended supervision. Id. Judge Martens also stated that the plaintiff could not be charged or held responsible for anything found in the garage. Id. The plaintiff states that "all of my allegations said I was in possession but nothing was ever found on my person or in my room [sic]." Id.

The plaintiff does not explain what happened after Judge Martens remanded for a determination of whether the firearm warranted revocation. It appears that the case may be ongoing.

The plaintiff alleges that he is "doing time" based on Officer Hauser's report and because Judge Kalashian did not let him face his accuser. Id. He says that defendant Andrew Janonski, his probation officer, revoked him based on the police report and did not wait to see if the charges would be dropped. Id. He says that Janonski's supervisor, Lori Kunstman, "signed off on it and never knew anything about what was going on." Id.

The plaintiff seeks $300,000 from each defendant for the violation of his constitutional rights and for taking him away from his family; he also wants "the courts to apply strict meanings on what the department of corrections have jurisdiction and not to step outside its role." Id. at 4.

C.  Analysis

The plaintiff claims that his revocation hearing and the revocation of his extended supervision were unconstitutional—illegal—because Judge Kalashian unlawfully relied on Officer Hauser's police report at the revocation hearing. This court must determine whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If so, this court must dismiss the §1983 complaint, because §1983 is a statute that allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485. The fact that the plaintiff claims that his revocation proceedings violated his constitutional rights, resulting in the unlawful revocation of his probation, forecloses his §1983 complaint.

The plaintiff has two options for challenging the validity, or legality, of the revocation of his extended supervision. First, he may have the opportunity to appeal both the fact that he was revoked and the sentence he received through the state court system. If the plaintiff is not satisfied with the resolution of his case on remand, he likely can appeal. Second, an incarcerated person who wants to challenge the "validity of [his] confinement" may do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

5

The court will dismiss the plaintiff's complaint without prejudice. Once the plaintiff has exhausted applicable state court remedies (such as appeal), if he still is in custody, he can decide whether he wants to file a federal *habeas* petition under §2254 or a claim for money damages under §1983. If the plaintiff decides to file a federal *habeas* petition, he will have to demonstrate that he has "exhausted" his remedies in state court, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a *pro se* guide titled, "Habeas Corpus: Answers to State Petitioners' Common Questions," along with this order.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$283.91** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 24th day of May, 2021.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**